### GILBEAUX'S HEIRS vs. CORMIER.

The wife may resume the administration of her paraphernal property, previously confided to her husband, whenever she

APPEAL from the court of the fifth district, the judge of the sixth presiding.

In this case, the heirs of Ludevine Gilbeau, former wife of Michel Cormier, sued

8ns 228
52 307

West'n. District.
*Sept'r.* 1829.

GILBEAUX'S
HEIRS
*vs.*
CORMIER.

Cormier for a settlement and restitution of their half of the community, formerly existinw between their deceased mother and the defendant. They pray for a partition and division of said succession between them, in right of their mother and said Cormier, and had judgment accordingly.

During the pendency of this suit, Agnes Rodriguez, the second wife, filed her petition of interpleader, claiming the separation and restitution of her paraphernal property from her husband, the defendant, Cormier. Her petition was dismissed.

MARTIN J. delivered the opinion of the court. The defendant's wife intervened, representing, that since their marriage, he has, with her consent, enjoyed the exclusive administration of her paraphernal property, disposed of part of it and collected debts without rendering any account; and owes her a balance of $5,443 50. She afterwards states the embarrassed situation of his affairs, and her just apprehensions of his estate being unable to discharge the said claim: and concludes with a prayer, that she may be permitted to prosecute her said claim judicially, and be allowed a privilege over the plaintiff's claim:

chooses: and also demand restitution of what is the object or price of it.

During the pendency of a suit against the husband by the heirs of a former marriage, for a partition and restitution of the community property, the second wife may come in and interplead, and claim restitution and separation of her paraphernal property.

The tacit lien or mortgage of such wife in the estate of her husband is superior in degree or prior, to that of heirs of a former wife; and her paraphernal property, either in kind or the price, will be decreed, before the claims of the heirs are admitted.

West'n. District.
*Sept'r.* 1829.

GILBEAUX's
HEIRS
*vs.*
CORMIER.

Otherwise, that she may be permitted to prosecute against him a suit for separation of property; and that in the meanwhile, all proceedings by others against his estate be stayed.

The husband denied that his affairs were in any wise entangled, or the rights of his wife endangered; and her right to claim the money by him received in the administration of her paraphernal estate, or by the sale of any part of it.

The plaintiffs pleaded the general issue to the petition of the intervention.

The district court dismissed the petition of intervention, being of opinion, the derangement of the affairs of the defendant was not sufficiently proven to authorise a judgment of separation, and the consequent dissolution of the community, till which, the wife could not have judgment for the sums received by her husband on her account. Her right to the administration of her paraphernal property, whenever she chose to resume it, and that of appearing in the further proceedings in the present suit for the protection of her rights, were reserved.

From this judgment she appealed.

West'n. District.
*Sept'r*. 1829.

GILBEAUX'S
HEIRS
*vs.*
CORMIER.

It is admitted the wife may demand, whenever she chooses, the administration of her paraphernal property, heretofore confided to her husband. Now, this right to administer that kind of property, during marriage and before a separation, would be illusory, if she could not demand the restitution of what is the object of that property.

The judge, however, qualifies his opinion in dismissing the wife's petition, by stating that she is not authorised, *under the pleadings*, to demand judgment for the money received by her husband, until there be a separation.

It is clear, that she may demand the administration of her paraphernal estate, and consequently the restitution of that estate: for, that is necessary to her administration. If that property consisted of debts, she might claim the restitution of the bonds, notes and the evidences of these debts. If these debts have been collected, she must have the same rights on the proceeds. If it consisted of property which the husband has sold, the consequences must be the same on the proceeds.

It has been objected, that her prayer is for a separation: it is emphatically for the resti-

West'n. District.
*Sept'r*. 1829.

GILBEAUX'S
HEIRS
*vs*
CORMIER.

tution of the paraphernal estate and a separation. To that restitution she has an undoubted right at any time. *La. c. code*, 2368.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and the cause remanded for further proceedings, according to law: the appellee paying costs in this court.

*Simon* for the plaintiffs and defendants, *Brownson* for the interpleader.